UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

SUPERIOR PONTIAC, BUICK, GMC, INC.,  )
a Delaware corporation,              )
                                     )
         Plaintiff,                  )
                                     )
v.                                   )   Case No.: 2:10-cv-11641-MOB-VMM
                                     )   L.C. No. 10-003679-CK
DISCOVER PROPERTY AND CASUALTY       )
COMPANY, an Illinois corporation, and)
LILANA SINISHTAJ,                    )
                                     )
         Defendants.                 )

JOHN C. KAPLANSKY (P26439)
Attorney for Plaintiff
30200 Telegraph Road, Suite 440
Bingham Farms, MI 48025
(248) 258-9444

MICHAEL CONDIT (P38095)
Attorney for Defendant Discover
Condit, McGarry, Schloff & Graham
6905 Telegraph Road, Suite 215
Bloomfield Hills, MI 48301
(248) 645-5205

DENNIS M. DOLAN (IL ARDC # 6229150)
Attorney for Defendant Discover
Litchfield Cavo LLP
303 W. Madison Street, Suite 300
Chicago, IL 60606
(312) 781-6641

## RULE 7(a) DESIGNATION

Discover Property and Casualty Company is a wholly owned subsidiary of Travelers Property and Casualty Insurance Company.

## DISCOVER PROPERTY AND CASUALTY COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendant, Discover Property and Casualty Company ("Discover"), by its

attorneys, for its Answer to the Complaint, states as follows:

1. Plaintiff SUPERIOR PONTIAC BUICK GMC, INC. (SUPERIOR) is a Delaware corporation established and doing business in the City of Dearborn, Wayne County, Michigan.

**ANSWER:** Upon information and belief, Discover admits the allegations of paragraph 1.

2. Defendant DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY (DISCOVER) is an Illinois corporation doing business generally in the State of Michigan and particularly in Wayne County, Michigan.

**ANSWER:** Discover admits that it is an Illinois corporation and that it is doing business in Wayne County, MI. Discover asserts that paragraph 2 contains legal conclusions and that no further answer is required. To the extent that a further answer is deemed required, denied.

3. The acts and circumstances which form the basis for this lawsuit occurred in Wayne County, Michigan.

**ANSWER:** Discover is without sufficient information to form a belief as to the truth or falsity of these allegations, therefore, denied.

4. The damages complained of herein are in excess of $25,000 exclusive of interest, costs, and attorney fees.

**ANSWER:** Discover admits that Plaintiff seeks damages in excess of $25,000. Discover denies that Plaintiff is entitled to any sums. Further answering, Discover is without sufficient information to form a belief as to the truth or falsity of these allegations, therefore, denied.

2

## COUNT I

5. SUPERIOR is a new and previously owned automobile and truck dealer located on Michigan Avenue in the City of Dearborn, Michigan.

**ANSWER:** Discover is without sufficient information to form a belief as to the truth or falsity of these allegations, therefore, denied.

6. DISCOVER is an insurance company writing property and casualty insurance for automobile dealers in Michigan and well as other states.

**ANSWER:** Discover admits the allegations of paragraph 6.

7. Commencing on November 10, 2006, and for each year thereafter through November 10, 2009, SUPERIOR contracted with and maintained a policy of insurance with DISCOVER which provided insurance coverage for among other things "employee dishonesty". A copy of the policy is in possession of the Defendant.

**ANSWER:** Paragraph 7 contains legal conclusions to which no answer is required. Further answering, Discover admits that it issued consecutive insurance policies to Superior and that one of those policies has an initial effective date of November 1, 2006 and that one of those policies has an end date of November 1, 2009. Discover admits that it has copies of the policies in its possession. Discover asserts that the policies speak for themselves. To the extent a further answer is deemed required, denied.

8. During the policy period, LILANA SINISHTAJ was employed as the used car finance and insurance person. In the course of her work she would take credit applications and arrange for credit to be provided to customers from finance companies including Drive Financial Services (Drive).

**ANSWER:** Discover is without sufficient information to form a belief as to the truth or

3

falsity of these allegations, therefore, denied.

9. After a period of time some contracts funded by Drive based on applications generated by LILANA SINISHTAJ went into default and were repossessed by agents of Drive. Upon taking possession of the vehicles, Drive discovered that the equipment in the vehicles was not as had been represented by LILANA SINISHTAJ. Pursuant to its contract with Drive, SUPERIOR reimbursed Drive for the amount of money of the deficiency difference between for what a repossessed vehicle was sold and for what it would have been sold had the equipment been as represented.

**ANSWER:** Discover is without sufficient information to form a belief as to the truth or falsity of these allegations, therefore, denied.

10. As the volume of vehicles defaulted increased and were repossessed by Drive, and as the number of vehicles with equipment other than what had been represented increased, it became apparent that the inaccurate representations of equipment were no by accident or innocent misrepresentation, but were part of a pattern of improper activity.

**ANSWER:** Discover is without sufficient information to form a belief as to the truth or falsity of these allegations, therefore, denied.

11. Upon contacting the Dearborn Police Department, Superior was advised not to fire anyone while an investigation was being conducted by Dearborn Police personnel.

**ANSWER:** Discover is without sufficient information to form a belief as to the truth or falsity of these allegations, therefore, denied.

12. At the conclusion of the investigation, LILANA SINISHTAJ was charged by

the Dearborn Police Department with the crime of obtaining unauthorized credit from among others, Drive Financial Services, a/k/a and n/k/a Santander Auto Finance, while employed by SUPERIOR, by engaging in a scheme where she would falsely represent equipment to be in a car to be sold to a consumer to raise the price of the car increasing thereby the amount necessary to finance the car, and thereby increasing her commission.  Incident to a plea agreement with the Wayne County Michigan Prosecutor's Office, LILANA SINISHTAJ entered the Court's diversion program and reimbursed SUPERIOR $20,000.

**ANSWER:** Discover is without sufficient information to form a belief as to the truth or falsity of these allegations, therefore, denied.

13. LILANA SINISHTAJ'S dishonest acts have exposed Superior to liability for dishonest acts and breach of contract to Discover and other finance companies.

**ANSWER:** Paragraph 13 contains legal conclusions to which no answer is required. Further, Discover is without sufficient information to form a belief as to the truth or falsity of these allegations, therefore, denied.

14. Over the past thirty six months, Superior has reimbursed Drive in excess of Three Hundred Thousand ($300,000) Dollars as a result of the dishonesty of its employee LILANA SINISHTAJ. Drive has filed a lawsuit in the State of Texas to recover additional monies from Superior as a result of Sinishtaj's activities. Superior has had to incur costs and expenses to defend itself in the Texas lawsuit and remains exposed to potential judgment against it.

**ANSWER**:   Discover admits that Drive has filed a lawsuit against Superior in Texas. Discover is without sufficient information to form a belief as to the truth or falsity of the remaining allegations, therefore, denied.

15. SUPERIOR has sought to recover from DISCOVER up to the policy limits of $150,000 of what it has paid back to Drive under the employee dishonesty coverage, and therefore submitted its claim to DISCOVER seeking reimbursement.

**ANSWER:**   Discover admits that Superior has submitted a claim to Discover and that Superior is seeking up to the $150,000 policy limit under the employee dishonesty coverage. Discover is without sufficient information to form a belief as to the truth or falsity of the remaining allegations, therefore, denied.

16. DISCOVER has failed and refused to honor SUPERIOR'S request for payment on the alleged grounds that the policy does not provide coverage for LILANA SINISHTAJ's activities that caused economic harm to SUPERIOR.

**ANSWER:**   Discover admits that it has denied Superior's request for payment on the grounds that the policy does not provide coverage. The bases for denial are set forth in the policy and correspondence from Discover to Superior. Those documents speak for themselves. To the extent that the allegations of this paragraph conflict with those documents, denied. Paragraph 16 also contains legal conclusions to which no answer is required. To the extent that a further answer is deemed required, denied.

17. DISCOVER's failure to honor and pay the claim is a breach of the insurance contract between itself and SUPERIOR.

**ANSWER:**   Discover denies the allegations of paragraph 17.

## AFFIRMATIVE DEFENSES

Discover, for its Affirmative Defenses, states as follows:

1. The underlying claims asserted against Superior do not satisfy the definition of "Employee Dishonesty" in the policy and or do not otherwise satisfy the requirements of the policy and, therefore, there is no coverage.

2. The policy contains an exclusion for loss resulting from any dishonest or criminal act committed by the Named Insured or the Named Insured's partners whether acting alone or in collusion with other persons. To the extent that the Named Insured was aware of or involved in any dishonest acts, there is no coverage under the policy.

3. The policy contains an exclusion for loss that is an indirect result of any act or occurrence covered by the insurance, including loss resulting from (1) Superior's inability to realize income that it would have realized had there been no loss of covered property; (2) payment of damages for which Superior is legally liable; and (3) payment of costs, fees or other expenses Superior incurs in establishing either the existence of or amount of loss under this insurance. The Plaintiff seeks coverage for "Indirect Loss" and there is no such coverage under the policy.

4. The policy contains an exclusion for expenses related to any legal action. To the extent that Superior is seeking coverage for attorney fees or any expenses related to any legal action, there is no coverage under the policy.

5. Superior has not met the policy condition to notify Discover as soon as possible of a loss or a situation that may result in loss of covered property. To the extent that the conditions of the policy have been breached, there is no

coverage.

6. The policy was cancelled as to Lilana Sinishtaj when her acts of fraud were discovered and there is no coverage for any alleged damages occurring after that date.

7. Superior's alleged damages have been reduced or eliminated by the restitution that was paid to Superior by Lilana Sinishtaj.

8. There is no justiciable case or controversy at the present time.

9. The Plaintiff has failed to join necessary parties.

10. Plaintiff's claims are barred by the applicable statute of limitations.

11. Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

12. Plaintiff has failed to state a claim for which relief may be granted.

13. Plaintiff has failed to mitigate its damages.

14. Discover does not have sufficient information at this time to determine all defenses that might be available to it and, therefore, reserves its right to amend its defenses and/or assert additional defenses.

15. Discovery may reveal that the Plaintiff has committed fraud thereby barring Plaintiff's claims.

**WHEREFORE,** Discover prays that this court deny the relief sought by the plaintiff and dismiss plaintiff's complaint with prejudice and enter a judgment for fees and costs in Discover's favor, as well as any other relief that this court deems appropriate.

DATED: April 29, 2010

8

Respectfully submitted,

BY:    s/ Michael F. Condit
        Michael F. Condit (P38095)
        Condit, McGarry, Schloff & Graham
        Suite 215
        6905 Telegraph Road
        Bloomfield Hills, MI 48301-3159
        (248) 645-5205

and

<u>Of Counsel</u>
Dennis M. Dolan (IL ARDC # 6229150)
Kathleen Bianco (IL ARDC # 6283357)
Litchfield Cavo LLP
303 W. Madison Street, Suite 300
Chicago, Illinois 60606
(312)-781-6641

## **DEMAND FOR JURY TRIAL**

Defendant, Discover Property and Casualty Company ("Discover"), by its attorneys, hereby demands trial by jury in the above-entitled matter.

Dated: April 29, 2010

Respectfully submitted,

BY:    s/ Michael F. Condit
        Michael F. Condit (P38095)
        Condit, McGarry, Schloff & Graham
        Suite 215
        6905 Telegraph Road
        Bloomfield Hills, MI 48301-3159
        (248) 645-5205

and

<u>Of Counsel</u>
Dennis M. Dolan (IL ARDC # 6229150)
Kathleen Bianco (IL ARDC # 6283357)
Litchfield Cavo LLP
303 W. Madison Street, Suite 300
Chicago, Illinois 60606
(312)-781-6641

## PROOF OF SERVICE

STATE OF MICHIGAN )
) SS
COUNTY OF OAKLAND )

Michael F. Condit, being first duly sworn, deposes and says that on the 29th day of April, 2010, he did serve a copy of:

- Discover Property and Casualty Company's Answer, Affirmative Defenses and Jury Demand with Proof of Service

upon:

John C. Kaplansky, Attorney for Plaintiff
30200 Telegraph Road, Suite 440, Bingham Farms, MI 48025

by placing said documents in an envelope addressed to him and depositing same in the United States Mail, postage fully prepaid.

s/ Michael F. Condit
Michael F. Condit

Subscribed and sworn to before
me this 29th day of April, 2010.

s/ Linda M. Siegert
Linda M. Siegert, Notary Public
Oakland County, Michigan
My Commission Expires: 09/16/2011